UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Cynthia K.

v.                                    Civil No. 19-cv-1129-JD
                                      Opinion No. 2020 DNH 118
Portsmouth School Department


O R D E R

Cynthia K. brought an action under the Individuals with
Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, et
seq., challenging the decision of a New Hampshire Department of
Education hearing officer that the Portsmouth School Department
is not required to pay for an independent educational evaluation
("IEE") of her son, S.K.  The court reversed the decision on the
ground that the Portsmouth School Department's evaluation was
not appropriate because it did not include the specific
classroom observations that are required under 34 C.F.R.
§§ 300.305(a) and 300.310.  The Department moves for
reconsideration, and Cynthia K. objects.

A jurisdictional issue arises, however, because the
Department filed a notice of appeal after filing the motion for
reconsideration.  Ordinarily, filing a notice of appeal has
jurisdictional significance because the filing "confers
jurisdiction on the court of appeals and divests the district
court of its control over those aspects of the case involved in

the appeal." Bradford-Scott Data Corp. v. Physician Computer Network, 128 F.3d 504, 505 (1st Cir. 1997). An exception exists when a party files a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and then files a notice of appeal. In that situation, the notice of appeal becomes effective when the order on the motion is entered leaving jurisdiction with the district court. Fed. R. App. P. 4(a)(4)(B). Therefore, the court has jurisdiction to consider the motion for reconsideration.

Standard of Review

A motion for reconsideration is a vehicle to correct a manifest legal or factual error or to present newly discovered evidence. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The court may grant the motion if the court has misunderstood the moving party and "has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008). Reconsideration is not an appropriate means to assert new arguments or theories that were not made before judgment entered or to reargue the same matters that were previously considered. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). The moving party bears the burden of demonstrating the asserted error. Id.

2

<u>Discussion</u>

In support of reconsideration, the Department contends that the court erred in concluding that it had not done the classroom observations that are required under § 300.305(a) and § 300.310. Specifically, the Department argues that observations done by Dr. Deming and S.K.'s classroom teachers satisfied those requirements and that the court should have deferred to the hearing officer's finding that classroom observations were done. Alternatively, the Department asserts that the court erred in concluding that the Department's evaluation was not appropriate, due to a lack of required classroom observations, without first determining whether the omission caused a deprivation of free and appropriate public education ("FAPE") under the IDEA.

Cynthia K. objects to reconsideration. She contends that the Department's argument that observations done by Dr. Deming and S.K.'s classroom teacher were sufficient was previously considered and properly rejected so that no facts were overlooked. She also contends that the Department is raising arguments in support of reconsideration that it could and should have raised before judgment entered. If those arguments are considered, she contends, they should be rejected because no legal error occurred.

3

A.  Legal Framework

"The IDEA was enacted to provide 'free appropriate public education' [FAPE} to children with disabilities." Doe v. Cape Elizabeth Sch. Dist., 832 F.3d 69, 73 (1st Cir. 2016).  To meet that objective, "special education and related services" must be provided to students who are eligible because they are children with disabilities.  Id.  Eligibility for special education and related services is determined in two steps:  (1) whether the child has a qualifying disorder, and (2) whether because of that disorder the child needs special education and related services in order to be provided FAPE.  Id.

In the first step, the school undertakes an initial evaluation to gather the information necessary to determine whether a child has a specific learning disability.  Id. at 77. Section 300.305 provides requirements for initial evaluations and reevaluations of children suspected of having learning disabilities.  The team conducting an initial evaluation of a child for eligibility for special education services reviews the existing evaluation data, which includes current classroom-based observations. § 300.305(a)(1).  Section 300.310 addresses the classroom-based observations for evaluating specific learning disabilities as follows:

> (a) The public agency must ensure that the child is observed in the child's learning environment (including the regular classroom setting) to document

the child's academic performance and behavior in the areas of difficulty.

(b) The group described in § 300.306(a)(1),[1] in determining whether a child has a specific learning disability, must decide to—
     (1) Use information from an observation in routine classroom instruction and monitoring of the child's performance that was done before the child was referred for an evaluation; or
     (2) Have at least one member of the group described in § 300.306(a)(1) conduct an observation of the child's academic performance in the regular classroom after the child has been referred for an evaluation and parental consent, consistent with § 300.300(a), is obtained.

B.  Factual Error

In the previous order, the observations done by Dr. Deming and S.K.'s classroom teacher were considered for purposes of whether they satisfied § 300.305(a) and § 300.310, and the court explained why those observations did not satisfy the regulatory requirements.[2]  Doc. 19, at *18-*20.  The court also explained why the hearing officer's general finding that classroom observations were conducted and the information was considered did not show that the requirements of § 300.305(a) and § 300.310

_____

[1] Section 300.306(a)(1) provides that "[a] group of qualified professionals and the parent of the child determines whether the child is a child with a disability."

[2] In the motion for reconsideration, the Department states: "First, the Court's decision rests on the understanding that Portsmouth did not conduct a classroom evaluation of S.K."  Doc. 21, at *1.  The Department then cites classroom observations that the court discussed in the order.  The Department's argument, therefore, is based on a mistake.

5

were met.  Therefore, those facts were not overlooked, and the
hearing officer's finding was addressed.[3]

### 1.  Dr. Deming

The Department again argues that Dr. Deming's behavior
assessment of S.K., which included classroom observations,
satisfied the regulatory requirements.  As was previously
explained, that assessment was done before the referral for
special education.  Even assuming that the team decided to use
Dr. Deming's assessment, as required by § 300.310(b)(1), that
assessment did not address S.K.'s academic performance.

### 2.  Observations by Classroom Teachers

The Department now argues that the required classroom
observations were done by classroom teachers.  It notes that the
hearing officer had "written classroom observations" done by
S.K.'s teachers from the 2018-2019 school year.  The Department
contends that the reports support the hearing officer's finding
that classroom observations were conducted.

---

[3] The Department asks the court to defer to the hearing
officer's finding that classroom observations were done and were
considered.  As explained previously, that general finding is
not sufficiently specific to provide the information the
Department is seeking to show compliance with the regulations.

The team meetings for S.K.'s evaluations occurred in January and March of 2019.  Some of the observations apparently were done after that time and could not have been considered at the team meetings.  Further, the observations were documented in a "Behavior Chart," which does not address academic performance. In addition, as explained in the previous order, the classroom teacher's input is considered separately and does not provide the classroom observation of academic performance that is required under  § 300.310.

C.  Legal Errors

The Department also argues that the court misunderstood the classroom observation requirements in § 300.305(a) and § 300.310.[4]  The Department contends that the observations that were done were sufficient because the regulations provide that observations may be done by "related services providers" such as Dr. Deming, allow consideration of observations done before referral of the child, and allow consideration of observations done by classroom teachers.  As is explained in the previous order, the regulations require certain assessments and procedures that were not followed for purposes of S.K.'s

---

[4] The Department did not discuss those requirements or even cite the regulations in its decision memorandum or in its reply to Cynthia K.'s decision memorandum.

7

evaluation.  Those matters have been addressed and need not be
repeated here.

The Department contends that any lack of classroom
observation for academic performance is at most a minor
procedural error, which should be overlooked because Cynthia K.
did not show that it caused S.K. to be deprived of FAPE.  In
support, the Department relies on cases holding that an
eligibility determination should not be overturned based on a
procedural error unless the error affected the child's
substantive right to FAPE under the IDEA.  See, e.g., Ford ex
rel. Ford v. Long Beach Unified Sch. Dist., 291 F.3d 1086, 1089
(9th Cir. 2002); D.H.H. by and through Rob Anna H. v. Kirbyville
Consolidated Indep. Sch. Dist., 2019 WL 5390125, at *13 (E.D.
Tex. July 12, 2019); Richardson v. District of Columbia, 273 F.
Supp. 3d 94, 101 (D.D.C. 2017).

Here, eligibility was not before the hearing officer or the
court.  Instead, the issue in this case is whether Cynthia K. is
entitled to have the Department pay for an IEE as part of the
initial evaluation, which is the first step in the process of
determining whether S.K. has a qualifying disorder.  As the
Department argued strenuously in its papers in support of the
hearing officer's decision, the question of S.K.'s eligibility
for special education, the second step, was not before the
hearing officer or this court.  The Department has not shown

that FAPE is relevant to the question of whether it is responsible to pay for an IEE for S.K.

Contrary to the Department's view of the lack of a need for classroom observation of S.K.'s academic performance as provided in the regulations, the First Circuit has noted that the regulations show "the relevance of child's overall academic performance to an SLD [specific learning disability] determination." Doe, 832 F.3d at 78.  "[A]n SLD determination must take into account 'information from an observation in routine classroom instruction and monitoring of the child's performance' before the child is referred for an evaluation for eligibility purposes, or, similarly, 'observation of the child's academic performance in the regular classroom' after the child has been referred for such evaluation."  Id. (quoting § 300.310(b).  Further, as part of the initial evaluation, a child must be observed in the classroom setting in order to document the child's academic performance in the areas of difficulty. Id. at 79; Dougall v. Copley-Fairlawn City Sch. Dist. Bd. of Educ., 2020 WL 435385, at *28 (N.D. Ohio Jan. 28, 2020).

A classroom observation to assess S.K.'s academic performance in the areas of difficulty was required by the applicable IDEA regulations.  That was not done as provided in the regulations.  The Department has not shown that the lack of

a classroom observation for academic performance was a harmless procedural error in the circumstances of this case.

The Department has not shown that the court's decision was based on a manifest legal error about the application of the regulations or the effect of a procedural error.

## Conclusion

For the foregoing reasons, the Department's motion for reconsideration (document no. 21) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 9, 2020

cc:  Counsel of record.

10